UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

       Plaintiff,                               CIVIL ACTION NO. 07-15479

      v.                                    DISTRICT JUDGE GEORGE CARAM STEEH

ANDREW RYAN WILBURN,          MAGISTRATE JUDGE VIRGINIA M. MORGAN
Argentine Police Officer, TERRY
VANKEUREN, Argentine Police Chief,
DR. CUTHBERTSON, DIANN KRYWKO,
and HURLEY MEDICAL CENTER,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT MOTION**
**FOR PARTIAL SUMMARY JUDGMENT ON THE PLEADINGS**

Plaintiff sues police officers and health care professionals for violation of his civil rights in conjunction with his involuntary hospitalization with a diagnosis of closed head injury, bipolar affective disorder, Type I/severe, and acute homicidal ideation. This matter is before the court on the dispositive motion filed by defendants VanKeuren and Wilburn Motion for Partial Summary Judgment on the Pleadings (Counts I and III) (#41).[1] Defendants seek dismissal of Counts I and II as barred by the statute of limitations. For the reasons discussed in this Report, it is recommended that the motions be granted and Counts I and III be dismissed and the case continue against these defendants on Count IV, Deprivation of Liberty Under Color of Law.

---

[1] Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) or to Stay filed by Cuthberson (#45); and Motion for Summary Judgment filed by Hurley Medical Center (#65) and the subject of separate Reports.

-1-

Plaintiff brought this action *in pro per*. He alleges false imprisonment, wrongful arrest and wrongful mental illness commitment (Count I), Civil Defamation and Slander (Count III), Violation of State and Federal Laws (Count IV).[2] Plaintiff seeks money damages, expungement of his hospital records, and removal from LEIN. Oral argument was held on the motion.

*Analysis*

**A. Dismissal, Summary Judgment, Judgment on the Pleadings**

In this motion, defendants ask the court to enter partial summary judgment on the pleadings, and dismiss the state claims based on the statute of limitations. Motions for dismissal are generally governed by FRCP Rule 12(b)(6). Under the traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995).

In order to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of his entitlement to relief. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, __ U.S. __, 127

---

[2]Defendant Wilburn and VanKeuren are not involved in the remaining counts: Violation of the Michigan Mental Health Code (Count II),Wrongful Mental Health Commitment (Count V), False Imprisonment and Intentional Infliction of Emotional Distress (Count 6), Excessive Medication with Anti-Psychotic Drugs/Assault and Battery (Count 7), Violation of Industry Standards by Using Major Tranquilizers and by not Obtaining Informed Consent (Count 8), Malicious Prosecution (Count 9), Excessive and Unnecessary Institutionalization (Count 10), Further Violation of State and Federal Laws, the State Mental Health Code and Due Process Violation and 42 U.S.C. § 1983 Civil Action for Deprivation of Rights (Count 11).

S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

In addition, the Federal Rules of Civil Procedure contemplate that a district court may *sua sponte* grant summary judgment by converting a motion to dismiss filed pursuant to Rule 12(b)(6) into a motion for summary judgment, provided that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" Fed.R.Civ.P. 12(b)(6); see Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104-05 (6th Cir.1995). See also, Excel Energy, Inc. v. Cannelton Sales Co., 246 Fed.Appx. 953, 960, 2007 WL 2426436, 5.

Federal Rule of Civil Procedure Rule 12(c) provides that after the pleadings are closed, a party may move for judgment on the pleadings. If matters outside the pleadings are presented, the motion is treated as one for summary judgment. Summary judgment is governed by Federal

Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)). Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. Oatman v. Potter, 92 Fed.Appx. 133, 137, 2004 WL 68537, 3

(C.A.6,2004), citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994).

Because the court, in deciding this case, considered the pleadings, the arguments of counsel and the *pro se* plaintiff, and the exhibits attached to the pleadings, the motion is essentially one for summary judgment.

**B. Factual Background**

Plaintiff, a resident of Argentine Township, Michigan, was the subject of a civil commitment hearing for mental health issues following an incident on March 10, 2005, when Argentine Township Police received a call from an unknown person at plaintiff's residence who stated that plaintiff was talking about death, God, and was making very disturbing statements. The person requested that police respond to check on plaintiff's welfare. Defendants VanKeuren and Wilburn, Township police officers, were dispatched to plaintiff's residence at 11183 Rolston Rd. (Complaint, Ex. A) When they arrived, the officers approached the door and heard a male voice, later identified as plaintiff Larry Wise, shout: "We don't need you here! . . I'll talk to you from here [inside the front window] but stay away from the window." He then said: "Everything is fine." In response to officers' questions, Wise indicated that there were a lot of people in the house. After further discussion, some of the officers were able to gain entrance to the house. Sgt. Ross was not permitted by Mr. Wise to enter. Plaintiff's wife and their three young children were present. Mrs. Wise indicated that plaintiff had held her against her will, and that although the children could leave she could not. Mr. Wise told the police that he had been contacted by the Lord and that he was to follow the Lord's instruction and take care the problem(s). Plaintiff had a weapon in the house--a fully loaded semi-automatic hand gun in the bathroom. Bullets for

a second gun, a .357 Magnum, were found in a kitchen drawer and the weapon was supposedly in the garage although officers could not locate it.  The officers determined that Wise's judgment was impaired and that he was in need of a mental health evaluation.  An ambulance was called and plaintiff was transported to Hurley Hospital in handcuffs for a mental health evaluation.  (Ex. A)  No criminal charges were filed.

At the hospital, Officer Wilburn completed a petition for hospitalization.  (Complaint Ex. B)  Ofc. Wilburn reported that he heard Mr. Wise say that he wanted to take Sgt. Ross hostage and have his dogs eat her.  Wise was acting aggressively toward his family and felt that people were in danger of their lives.  Id.  A physician's clinical certificate was completed by Dr. Diann Krywko, M.D., who determined that plaintiff was mentally ill with acute homicidal ideation.  According to plaintiff's wife, he had essentially held his family hostage for two days and was walking around the house with a loaded gun.  He was obsessed with religion.  Inpatient psychiatric treatment was recommended.  (Complaint Ex. C)

A mental health hearing was held on March 17, 2005, before Judge Clayton Preisel in Flint.  (Complaint Ex. D)  Plaintiff was represented by an attorney.  Defendant Dr. Cuthbertson testified.  He is a psychiatrist who is vice-president of Medical Affairs for Genesee County Community Mental Health Services.  Dr. Cuthbertson diagnosed plaintiff as having a traumatic brain injury and also suffering from a bipolar affective disorder, Type I, manic/severe.  (Ex. D, p. 5)  Dr. Cuthbertson had examined plaintiff.  Plaintiff suffers from a closed head injury as a result of a car accident and during this time, his thought processes got to the point where he needed treatment.  (P 8-9)  Based on the results of his examination as well as the events of March 10 and a phone call from a psychologist who advised that plaintiff was threatening people within the

community, Dr. Cuthbertson opined that in-patient hospitalization was warranted. Plaintiff agreed to take Lithium and improved dramatically shortly thereafter. (P 6) Plaintiff was represented by counsel at the hearing and in addition, had a temporary guardian who was also a lawyer John Munger. Mr. Munger testified that he had spoken with plaintiff and Mrs. Wise many times over the previous week. Mr. Wise did not dispute that he was a person in need of treatment but did not believe that he ever held his family hostage.

*Discussion*

      1.      **Motion for Partial Summary Judgment on the Pleadings (Counts I and III)/ VanKeuren and Wilburn (D/E 41)**

Plaintiff alleges that the actions of Argentine Township Police Officers VanKeuren and Wilburn caused him to be subjected to false imprisonment and wrongful mental health commitment (Count I) and civil defamation and slander (Count III). These are both state law claims. Defendants submit that Counts I and III are time barred. In his response (D/E 44), plaintiff argues that the statute of limitations should be three years and even if it is one or two years, he had to have time to get his mind free from forced drugs he was prescribed against his will and then to do his jurisprudence. (Par. 5) He argues that the facts justify tolling and that his false imprison arrest claim because it goes to the validity of the official action could not be pursued until after the action against him was dismissed.

The limitations period for these state law claims is two years for Count I and one year for Count III. Regarding count I, MCLA 600.5805(2), provides that the limitations period for bringing a claim for false imprisonment is two years. The incident occurred on March 10, 2005, and plaintiff did not file this action until December 27, 2007. With respect to Count III, per MCLA 600.5805(9), the period of limitations for filing an action for slander or defamation is one

year. Plaintiff did not file this action until 2007 and the actions giving rise to claim occurred in 2005. Thus, on their face, the claims are time barred. Defendants are also sued in Count IV for deprivation of liberty under color of law. This count appears to allege a federal violation under 42 U.S.C. §1983 and is subject to a three year statute of limitation.[3] Thus, the case would go forward on this claim as defendants raise no argument in their pleadings for summary judgment on any additional claims.

The burden of demonstrating that an action is not barred by the applicable statute of limitations rests with the plaintiff. See id. at 808 (citing Warren Consol. Sch. v. W.R. Grace & Co., 205 Mich.App. 580, 583, 518 N.W.2d 508, 510 (1994)).

Plaintiff first argues that the statute does not begin to run until the charges against him were dismissed. However, plaintiff never had charges filed against him. He was the subject of an involuntary civil commitment proceeding but no charges existed which would be subject to dismissal. In addition, plaintiff seeks to be raising a doctrine relevant to federal, not state claims. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (barring a § 1983 claim unless the plaintiff can demonstrate that a related, outstanding conviction is no longer valid). This line of reasoning is not applicable to plaintiff's causes of action.

Plaintiff also argues that the statute should be extended because he had to recover from the psychotropic medication and do his research. This appears to be an attempt to utilize the doctrine of equitable tolling, that is that the doctrine of equitable tolling should be applied

---

[3]Under Michigan law the statute of limitations for "all other actions to recover damages for the death of a person, or for injury to a person or property," it is three years from the date the action accrued. Mich. Comp. Laws § 600.5805(9). This is the statutory section applicable to §1983 claims. Chippewa Trading Co. v. Cox, 365 F.3d 538, 543 (6th Cir. 2004); Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003).

because he was emotionally and mentally incapacitated when the statute of limitations was running. The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. See Cantrell v. Knoxville Cmty. Dev. Corp., 60 F.3d 1177, 1179-80 (6th Cir. 1995). But, the petitioner must make a threshold showing of incompetence, see Calderon v. United States Dist. Court for Cent. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*), and demonstrate that the alleged incompetence affected his ability to file a timely petition. Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (showing insufficient to find timely the filing of a habeas petition). Here, plaintiff's claim all along has been that he did not need treatment. If, however, he is for the purposes of this motion presumed to be such a person, he was capable of exercising independent judgment at least by May 23, 2005, when he declined any and all medication at the Oakland Psychological Clinic. Even extending the statute by those two months would not bring the filing into conformance with the limitations period.

Plaintiff does not claim that he is insane, an argument which would trigger the provisions of MCLA § 600.5851(1). Under that section, one year from the date the disability is removed to file suit. Under Michigan law, insanity in this context is defined as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." Mich. Comp. Laws § 600.5851(2). The Michigan courts have found mental derangement to be present when a plaintiff 1) was "unable to work with his retained attorneys[;]" Makarow v. Volkswagen, 157 Mich. App. 401, 405, 403 N.W.2d 563 (1987); 2) "was unable to comprehend or assist his attorney in asserting the cause against the defendant [;]" Hill v. Clark Equipment Co., 42 Mich. App. 405, 407, 202 N.W.2d 530 (1972); and 3) was "unable to attend

to personal and business affairs," "that it was necessary to explain*411 to [plaintiff] matters the ordinary person would understand." and that "he was unable to comprehend simple legal procedures." Davidson v. Baker-Vander Veen Construction Co., 35 Mich.App. 293, 298, 192 N.W.2d 312 (1971). This does not seem to be the case here given the representations of his appointed counsel/guardian at the hearing. In a similar case, Britt v. Smith, 9 Fed.Appx. 409, 410-411, 2001 WL 549203, 1 (C.A. 6 (Mich.),2001) (unpublished), plaintiff sought to extend the statute of limitations pointed to the appointment of a guardian as evidence of his incapacity. Plaintiff there also relied upon an affidavit from a neuropsychologist, evaluation from a licensed psychologist, a functional capacity evaluation and a psychological evaluation. The court found that while these medical reports indicated that plaintiff may suffer from moderate impairment sufficient to justify the appointment of a guardian, they did not address the question of whether he was able to comprehend his legal rights at the time he brought his suit in federal court. Thus, it found the action time barred.

*Conclusion*

Accordingly, it is recommended that the motion for partial summary judgment on the pleadings be granted and Counts I and II be dismissed with prejudice. The case may proceed against the named defendants as to Count IV only.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: December 5, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 5, 2008.

                                              s/J. Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan