UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

       Plaintiff,                        CIVIL ACTION NO. 07-15479

       v.                               DISTRICT JUDGE GEORGE CARAM STEEH

ANDREW RYAN WILBURN,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
Argentine Police Officer, TERRY
VANKEUREN, Argentine Police Chief,
DR. CUTHBERTSON, DIANN KRYWKO,
and HURLEY MEDICAL CENTER,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS

Plaintiff, acting *in pro per*, sues police officers and health care professionals for violation of his civil rights in conjunction with his involuntary hospitalization at Hurley Medical Center with a diagnosis of closed head injury, bipolar affective disorder, Type I/severe, and acute homicidal ideation. This matter is before the court on Docket Entry #65, Hurley's Motion for Summary Judgment.[1] For the reasons discussed in this Report, it is recommended that the motion be granted.

---

[1] Hurley is also the employer of Dr. Cuthbertson who filed his own dispositive motion in which Hurley joins. Dr. Diann Krywko is another employee defendant of Hurley but she was dismissed for non-service. Hurley's arguments regarding Dr. Cuthbertson will not be addressed here. His Motion for Motion for Summary Judgment (#45) and the Motion for Partial Summary Judgment on the Pleadings (Counts I and III) filed by VanKeuren and Wilburn (#41) are the subjects of separate Reports.

-1-

**A.     Standard of Review:  Dismissal and Summary Judgment**

Plaintiff brought this action *in pro per*.[2] Motions for dismissal are generally governed by Fed.R.Civ.P. Rule 12(b)(6).  Under the traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'"  Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir.1995).

In order to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of his entitlement to relief.  This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,  502 F.3d 545, 548 (6th Cir. 2007).  In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted).  In so holding, the Court disavowed the

---

[2]Courts have found that *pro se* complaints [albeit in the prison context] are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972). Courts are reluctant to dismiss on procedural grounds alone.  However, it is not the role of the court to guess the nature of the claim(s) asserted and plaintiff is still required to comply with the provisions of Fed.R.Civ.P. Rule 8, a short plain statement of the claim.  See,  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

In addition, the Federal Rules of Civil Procedure contemplate that a district court may *sua sponte* grant summary judgment by converting a motion to dismiss filed pursuant to Rule 12(b)(6) into a motion for summary judgment, provided that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6); see Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104-05 (6th Cir. 1995). See also, Excel Energy, Inc. v. Cannelton Sales Co., 246 Fed.Appx. 953, 960, 2007 WL 2426436, 5. Federal Rule of Civil Procedure 56(b) deals with motions for summary judgment and states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co.,

Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)). Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. Oatman v. Potter, 92 Fed.Appx. 133, 137, 2004 WL 68537, 3 (C.A.6,2004), citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994). Because the court, in deciding this case, considered the pleadings, the arguments of counsel and the *pro se* plaintiff, and the exhibits attached to the pleadings, the motion to dismiss is essentially one for summary judgment.

**B.    Factual Background**

Plaintiff is a resident of Argentine Township, Michigan. On March 10, 2005, Argentine Township Police received a call from an unknown person at plaintiff's residence who stated that plaintiff was talking about death, God, and was making very disturbing statements. The caller requested that police respond to check on plaintiff's welfare. Defendants VanKeuren and

Wilburn, Township police officers, were dispatched to plaintiff's residence at 11183 Rolston Rd. (Complaint, Ex. A) When they arrived, the officers approached the door and heard a male voice, later identified as plaintiff Larry Wise, shout: "We don't need you here! . . I'll talk to you from here [inside the front window] but stay away from the window." He then said: "Everything is fine." In response to officers' questions, Wise indicated that there were a lot of people in the house. After further discussion, some of the officers were able to gain entrance to the house. Sgt. Ross was not permitted by Mr. Wise to enter. Plaintiff's wife and their three young children were present. Mrs. Wise indicated that plaintiff had held her against her will, and that although the children could leave she could not. Mr. Wise told the police that he had been contacted by the Lord and that he was to follow the Lord's instruction and take care the problem(s). Plaintiff had a weapon in the house--a fully loaded semi-automatic hand gun in the bathroom. Bullets for a second gun, a .357 Magnum, were found in a kitchen drawer and the weapon was supposedly in the garage although officers could not locate it. The officers determined that Wise's judgment was impaired and that he was in need of a mental health evaluation. An ambulance was called and plaintiff was transported to Hurley Hospital in handcuffs for a mental health evaluation. (Ex. A) No criminal charges were filed but an involuntary civil commitment for mental health treatment followed.

At the hospital, Officer Wilburn completed a petition for hospitalization. (Complaint Ex. B) Ofc. Wilburn reported that he heard Mr. Wise say that he wanted to take Sgt. Ross hostage and have his dogs eat her. Wise was acting aggressively toward his family and felt that people were in danger of their lives. Id. A physician's clinical certificate was completed by Dr. Diann Krywko, M.D., who determined that plaintiff was mentally ill with acute homicidal ideation.

According to plaintiff's wife, he had essentially held his family hostage for two days and was walking around the house with a loaded gun. He was obsessed with religion. Dr. Cuthbertson examined him. Inpatient psychiatric treatment was recommended. (Complaint Ex. C)

A mental health hearing was held on March 17, 2005, before Judge Clayton Preisel in Flint. (Complaint Ex. D) Plaintiff was represented by an attorney. Defendant Cuthbertson testified. He is a psychiatrist who is vice-president of Medical Affairs for Genesee County Community Mental Health Services. Dr. Cuthbertson diagnosed plaintiff as having a traumatic brain injury and also suffering from a bipolar affective disorder, type I, manic/severe. (Ex. D, p. 5) Dr. Cuthbertson opined that plaintiff suffers from a closed head injury as a result of a car accident and during this time, his thought processes got to the point where he needed treatment. (Ex. D, pp. 8-9) Based on the results of his examination as well as the events of March 10 and a phone call from a psychologist who advised that plaintiff was threatening people within the community, Dr. Cuthbertson opined that plaintiff was a person in need of treatment and in-patient hospitalization was warranted.[3]

Plaintiff agreed to take Lithium and improved dramatically shortly thereafter. He then requested to stop the drug and that request was honored. (Ex. D, p. 6) Plaintiff was represented by counsel at the mental health proceeding and in addition, had a temporary guardian who was also a lawyer, John Munger. Mr. Munger testified that he had spoken the plaintiff and Mrs.

---

[3]A "person requiring treatment" under the Mental Health Code includes [a] person who is mentally ill, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or another person, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation. See id. at § 330.1401(a).

Wise many times over the previous week. Mr. Wise did not dispute that he was a person in need of treatment but did not believe that he ever held his family hostage.

**C.     Discussion**

   **1.     Title 42, Section 1983 Civil Rights Claims**

Title 42, Section 1983 provides that in civil rights actions, the initial inquiry must focus on whether two essential elements are present:  whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived the person of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. §1983; Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981); Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir. 1988).  Absent either element, a § 1983 claim will not lie.  Christy v. Bandlett, 932 F.2d 502, 504 (6th Cir. 1991).  In cases under § 1983, "under color of law" has consistently been treated as the same thing as the state action required under the Fourteenth Amendment.  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).  Thus, plaintiff must show that the defendant (1) was a state actor, who (2) violated his rights under the Constitution or federal law.  Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978).

In its motion, Hurley Medical Center argues that plaintiff cannot sue it under 42 U.S.C. §1983 under a theory of *respondeat superior* or vicarious liability, relying on Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978).[4]  The touchstone of a § 1983 action against a

---

[4] Hurley represents that it is a public hospital owned by the City of Flint, and assumes that it is a state actor for the purposes of §1983. In determining if Hurley acted under color of state law, the ultimate issue would be whether its actions were "fairly attributable" to the state.  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  In Lugar, the Supreme Court adopted a two-part approach to determine the question of fair attribution.  First, the deprivation of the right

governmental body is an allegation that official policy is responsible for deprivation of rights protected by the Constitution.  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).  Municipal liability may not be premised on employment of a tortfeasor with liability imposed under a *respondeat superior* theory.  <u>Id</u>. at 691, 98 S.Ct. at 2036. Municipalities can be held liable only when an injury was inflicted by execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  <u>Id</u>. at 694, 98 S.Ct. at 2037; <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 121-22, 108 S.Ct. 915, 922-23, 99 L.Ed.2d 107 (1988) (plurality opinion) (citing <u>Monell</u>, 436 U.S. at 694, 98 S.Ct. at 2037).  Here, the allegations and evidence show only conformance with the Michigan Mental Health Code; no actions are alleged to have occurred as a widespread practice developed by Hurley, that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." <u>Id</u>. 436 U.S. at 691, 98 S.Ct. at 2036 (quoting <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 167-68, 90 S.Ct. 1598, 1613, 26 L.Ed.2d 142 (1970)).  <u>See</u>, <u>Cannon v. City and County of Denver</u>,998 F.2d 867, 877 (10th Cir. 1993).

To the extent that Dr. Cuthbertson violated plaintiff's constitutional rights, plaintiff has not shown that Dr. Cuthbertson acted pursuant to any policy, custom, or practice of Hurley. Mere employment of the tortfeasor is not enough to establish liability for the purpose of § 1983. See, <u>Monell</u>, <u>supra</u> at 694; <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

---

must be caused "by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." <u>Id</u>.  Second, the depriving party must "fairly be said to be a state actor." <u>Id</u>.  A party can be "fairly said to be a state actor" if he is a state official, if "he has acted together with or has obtained significant aid from state officials," or if "his conduct is otherwise chargeable to the State." <u>Id</u>.  Hurley does not address those points.

**C. The Claims of State Law violations against Hurley Should be Dismissed.**

Plaintiff alleges malicious prosecution. Hurley did not prosecute him. The claim has no basis in fact. Plaintiff alleges violation of the Michigan Mental Health Code, but does not name a particular defendant. Nothing about Hurley appears in this count and Hurley is entitled to have this claim dismissed. Plaintiff alleges excessive and unnecessary institutionalization. Plaintiff's institutionalization following the hearing was pursuant to court order, and plaintiff was released shortly thereafter. No facts support this claim to the extent that it can be read to be against Hurley. Plaintiff alleges excessive medication with anti-psychotic drugs and violation of industry standards by not obtaining informed consent. To the extent that the this could be read as against Hurley, they are for vicarious liability. See, Cox v. Flint Board of Hospital Managers, 651 N.W. 2d 356 (2002). These claims appear to be claims for medical malpractice. Plaintiff has not complied with the Michigan statute relative to malpractice and has not provided expert testimony supporting a breach of the standard of care. See, Lincoln v. Gupta, 142 Mich. App. 615, 629 (1985). The confinement of plaintiff was not illegal and therefore, no cause of action is stated for false arrest or emotional distress. See, Ziegler v. Aukerman, 2008 WL 4228348 (Mich. App.). See also, Ziegler v. Aukerman, 512 F.3d 777 (6th Cir. 2008) (no claim under §1983 for violation of the Fourth Amendment).

The remainder of plaintiff's complaint likewise fails to state a claim. Therefore, the case, with respect to Hurley Medical Center, should be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                           s/Virginia M. Morgan
                                           Virginia M. Morgan
                                           United States Magistrate Judge

Dated: December 10, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff and counsel of record via the Court's ECF System and/or U. S. Mail on December 10, 2008.

                                           s/J.Johnson
                                           Case Manager to
                                           Magistrate Judge Virginia M. Morgan