UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

       Plaintiff,                             CIVIL ACTION NO. 07-15479

       v.                                   DISTRICT JUDGE GEORGE CARAM STEEH

ANDREW RYAN WILBURN,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
Argentine Police Officer, TERRY
VANKEUREN, Argentine Police Chief,
DR. CUTHBERTSON, DIANN KRYWKO,
and HURLEY MEDICAL CENTER,

       Defendants.
_____/

## REPORT AND RECOMMENDATION
## TO GRANT MOTION TO DISMISS

     Plaintiff sues police officers and health care professionals for violation of his civil rights in conjunction with his involuntary hospitalization with a diagnosis of closed head injury, bipolar affective disorder, Type I/severe, and acute homicidal ideation. This matter is before the court on Docket Entry No. 45, the Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) or to Stay, filed by defendant Dr. Robert Cuthbertson, one of the health care professionals.[1] For the reasons discussed in this Report, it is recommended that the motion be granted, albeit on grounds different from those alleged by defendant, and case against Dr. Cuthbertson be

---

[1] The Motion for Partial Summary Judgment on the Pleadings (Counts I and III) filed by VanKeuren and Wilburn (D/E 41) and the Motion for Summary Judgment filed by Hurley Medical Center (D/E 65) are the subjects of separate Reports.

-1-

dismissed. Dr. Cuthbertson is not a state actor and plaintiff experienced no violation of his federally protected civil rights.

Plaintiff brought this action *pro se*.[2] From a review of the complaint, plaintiff appears to allege six counts against Dr. Cuthbertson: Wrongful Commitment to the Michigan Mental Health Authorities (Count 5), False Imprisonment and Emotional Distress (Count 6), Excessive Medication with Anti-Psychotic Drugs (Count 7), Violation of Industry Standards for Major Tranquilizers and Not Obtaining Informed Consent [no defendant identified] (Count 8), Malicious Prosecution (Count 9), Excessive and Unnecessary Institutionalization [no defendant identified](Count 10), and Further Violations of State and Federal Laws Under 42 U.S.C. §1983 [no defendant identified] (Count 11).[3] Plaintiff seeks money damages, expungement of his hospital records, and removal from LEIN. Oral argument was held on the motions.

---

[2]Courts have found that *pro se* complaints [albeit in the prison context] are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972). Courts are reluctant to dismiss on procedural grounds alone. However, it is not the role of the court to guess the nature of the claim(s) asserted and plaintiff is still required to comply with the provisions of FRCP Rule 8, a short plain statement of the claim. See, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

[3]Plaintiff does not always identify a defendant against whom a count is brought. He alleges false imprisonment, wrongful arrest and wrongful mental illness commitment (Count I), violation of the Michigan Mental Health code (Count II), civil defamation and slander (Count III), violation of state and federal laws (Count IV), wrongful mental health commitment (Count V), false imprisonment and intentional infliction of emotional distress (Count 6), excessive medication with anti-psychotic drugs/assault and battery (Count 7), violation of industry standards by using major tranquilizers and by not obtaining informed consent (Count 8), malicious prosecution (Count 9), excessive and unnecessary institutionalization (Count 10), further violation of state and federal laws, the state mental health code and due process violation and 42 U.S.C. § 1983 civil action for deprivation of rights (Count 11).

A.      **Standard of Review: Dismissal and Summary Judgment**

In the motion, Dr. Cuthbertson asks the court to dismiss on the grounds that the court lacks subject matter jurisdiction, that some counts are barred by the statute of limitations, and the others essentially alleging medical malpractice do not conform to the provisions of Michigan's Tort Reform Act, M.C.L.A. § 600.2912. In addition, defendant contends that some counts are too vague, and if not dismissed, the case should be stayed and plaintiff ordered to file a more definite statement. (D/E 45, p. 2)

Motions for dismissal are generally governed by Fed.R.Civ.P. Rule 12(b)(6). Under the traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir.1995).

In order to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of his entitlement to relief. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65

(internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

In addition, the Federal Rules of Civil Procedure contemplate that a district court may *sua sponte* grant summary judgment by converting a motion to dismiss filed pursuant to Rule 12(b)(6) into a motion for summary judgment, provided that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" Fed.R.Civ.P. 12(b)(6); see *Employers Ins. of Wausau v. Petroleum Specialties, Inc*., 69 F.3d 98, 104-05 (6th Cir.1995). See also, *Excel Energy, Inc. v. Cannelton Sales Co.* 246 Fed.Appx. 953, 960, 2007 WL 2426436, 5. Federal Rule of Civil Procedure 56(b) deals with motions for summary judgment and states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed.R.Civ.P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)). Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. Oatman v. Potter, 92 Fed.Appx. 133, 137, 2004 WL 68537, 3 (C.A.6,2004), citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994). Because the court, in deciding this case, considered the pleadings, the arguments of counsel and the *pro se* plaintiff, and the exhibits attached to the pleadings, the motion to dismiss is essentially one for summary judgment.

**B. Factual Background**

Plaintiff is a resident of Argentine Township, Michigan. On March 10, 2005, Argentine Township Police received a call from an unknown person who stated that plaintiff was talking

about death, God, and was making very disturbing statements. The caller requested that police respond to the residence and check on plaintiff's welfare. Defendants VanKeuren and Wilburn, Township police officers, were dispatched to plaintiff's residence at 11183 Rolston Rd. (Complaint, Ex. A) When they arrived, the officers approached the door and heard a male voice, later identified as plaintiff Larry Wise, shout: "We don't need you here! . . I'll talk to you from here [inside the front window] but stay away from the window." He then said: "Everything is fine." In response to officers' questions, Wise indicated that there were a lot of people in the house. After further discussion, some of the officers were able to gain entrance to the house. Sgt. Ross, a female, was not permitted by Mr. Wise to enter. Plaintiff's wife and their three young children were present. Mrs. Wise indicated that plaintiff had held her against her will, and that although the children could leave she could not. Mr. Wise told the police that he had been contacted by the Lord and that he was to follow the Lord's instruction and take care the problem(s). Plaintiff had a weapon in the house--a fully loaded semi-automatic hand gun in the bathroom. Bullets for a second gun, a .357 Magnum, were found in a kitchen drawer and the weapon was supposedly in the garage although officers could not locate it. The officers determined that Wise's judgment was impaired and that he was in need of a mental health evaluation. An ambulance was called and plaintiff was transported to Hurley Hospital in handcuffs for a mental health evaluation. (Ex. A) No criminal charges were filed but an involuntary civil commitment for mental health treatment followed.

At the hospital, Officer Wilburn completed a petition for hospitalization. (Complaint Ex. B) Officer Wilburn reported that he heard Mr. Wise say that he wanted to take Sgt. Ross hostage and have his dogs eat her. Wise was acting aggressively toward his family and felt that people

were in danger of their lives. Id. A physician's clinical certificate was completed by Dr. Diann Krywko, M.D., who determined that plaintiff was mentally ill with acute homicidal ideation. According to plaintiff's wife's statements to Dr. Krywko, plaintiff had essentially held his family hostage for two days and was walking around the house with a loaded gun. He was obsessed with religion. Dr. Cuthbertson also examined him. Inpatient psychiatric treatment was recommended. (Complaint Ex. C)

A mental health hearing was held on March 17, 2005, before Judge Clayton Preisel in Flint. (Complaint Ex. D) Defendant Cuthbertson testified. He is a psychiatrist who is vice-president of Medical Affairs for Genesee County Community Mental Health Services. Dr. Cuthbertson diagnosed plaintiff as having a traumatic brain injury and also suffering from a bipolar affective disorder, type I, manic/severe. (Ex. D, p. 5) Dr. Cuthbertson opined that plaintiff suffers from a closed head injury as a result of a car accident and during this time, his thought processes got to the point where he needed treatment. (Ex. D, pp. 8-9) Based on the results of his examination as well as the events of March 10 and a phone call from a psychologist who advised that plaintiff was threatening people within the community, Dr. Cuthbertson opined that plaintiff was a person in need of treatment and in-patient hospitalization was warranted.[4]

Plaintiff agreed to take Lithium and improved dramatically shortly thereafter. He then requested to stop the drug and that request was honored. Plaintiff was represented by counsel at the mental health proceeding and in addition, had a temporary guardian who was also a lawyer,

---

[4] A "person requiring treatment" under the Mental Health Code includes [a] person who is mentally ill, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or another person, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation. *See id.* at § 330.1401(a).

John Munger. Mr. Munger testified that he had spoken the plaintiff and Mrs. Wise many times over the previous week. Mr. Wise did not dispute that he was a person in need of treatment but did not believe that he ever held his family hostage.

**C.      Discussion**

       **1.      The court does have jurisdiction.**

Defendant Cuthbertson argues that the federal court does not have jurisdiction. In counts five, six, and eleven, plaintiff alleges violations of his federal constitutional rights and identifies the basis of jurisdiction as 42 U.S.C. §1983. Defendant argues that plaintiff has not shown jurisdiction under 28 U.S.C. § 1331 or § 1332. However, the federal question jurisdiction is established over plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983, because plaintiff alleges deprivation of rights secured by the Constitution or laws of the United States. These federal question claims are cognizable in this court. See, e.g. <u>Ziegler v. Aukerman</u>, 2006 WL 3386583, *5 (E.D. Mich, 2006).

Therefore, the state law claims are properly before the court pursuant to supplementary jurisdiction, 28 U.S.C. 1367.[5] Defendant's argument in this regard is without merit.

      **2.  Title 42, Section 1983 Civil Rights Claims**

Title 42, § 1983 provides that in civil rights actions, the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived the person of rights, privileges or immunities secured by the Constitution or laws of the United States. 42

---

[5]Plaintiff's complaint entwines state and federal causes of actions and is somewhat multiplicitous.

U.S.C. §1983; Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981); Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir. 1988). Absent either element, a § 1983 claim will not lie. Christy v. Bandlett, 932 F.2d 502, 504 (6th Cir. 1991). In cases under § 1983, "under color of law" has consistently been treated as the same thing as the state action required under the Fourteenth Amendment. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Thus, plaintiff must show that the defendant (1) was a state actor, who (2) violated his rights under the Constitution or federal law. Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978).

### A. Dr. Cuthbertson is not a state actor.

Plaintiff has alleged throughout his complaint that all defendants violated his constitutional rights throughout his commitment and so violated 42 U.S.C. § 1983. To succeed, plaintiff must show that each defendant acted under color of state law. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995). Plaintiff essentially contends that Dr. Cuthbertson was a state actor because he was acting pursuant to the Michigan Mental Health Code, § 330.1001 *et seq*. Under Michigan Mental Health procedures, any person may file a petition alleging that a person is mentally ill and dangerous to himself, others, or unable to take care of his basic needs. A psychiatrist then examines the person and in the exercise of his professional judgment, either certifies that the person is mentally ill and in need of treatment or declines to so certify. In the Ellison case, the Sixth Circuit dismissed a § 1983 suit virtually identical to this one (involving § 1983 claims against a certifying physician and private hospital arising from a Tennessee involuntary commitment proceeding) due to lack of state action. Ellison, 48 F.3d at 196-97. As

in Ellison, the facts of the present case warrant dismissal of the § 1983 claims against the physician due to the absence of state action.

Plaintiff may also be arguing that defendant Cuthbertson conspired with state actors. Notwithstanding the argument, this is no evidence, aside from plaintiff's unsupported legal conclusions, favoring conspiracy. The allegations of the complaint and the related exhibits submitted by the parties do not show conspiracy. Thus, Dr. Cuthbertson is entitled to dismissal and summary judgment as to plaintiff's allegations under 42 U.S.C. § 1983 given the absence of state action. Bennett v. Kalamazoo County Mental Health, 2006 WL 3299804, 3-4 (W.D. Mich. 2006).

**B. Even if Dr. Cuthbertson were a state actor, there is no federal violation.**

Plaintiff alleges that the actions taken before and after the commitment violated his rights to due process. Although he characterizes the circumstances as a deprivation of substantive due process, he also seems to allege a violation of procedural due process because he says he was confirmed without a hearing. Where a plaintiff alleges a violation of *procedural* due process, such a claim raises the issue of whether state law procedural protections are constitutionally adequate. The due process clauses of the Fifth and Fourteenth Amendments mandate that persons may not be deprived of life, liberty, or property without a meaningful opportunity to be heard. Parratt v. Taylor, 451 U.S. 527, 540, 101 S.Ct. 1908 (1981). Litigation over procedural due process rights essentially involves two issues: the quantum of process which is constitutionally required for specific types of deprivations and the types of interests which trigger due process protection. See, Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904 (1989). In this case, plaintiff received the due process provided for in

-10-

the Michigan Mental Health Code.  These procedures have been found to be adequate by many courts in the context of a claimed violation of civil rights, whether based on the Fourth Amendment or due process.  See Fourth Amendment cases:  Glass v. Mayas, 984 F.2d 55, 58 (2nd Cir. 1993); Sherman v. Four County Counseling Ctr., 987 F.2d 397, 401 (7th Cir.1993); Gooden v. Howard County, Md., 954 F.2d 960, 967-68 (4th Cir.1992)(en banc); Villanova v. Abrams, 972 F.2d 792, 795 (7th Cir.1992); cf. Rex v. Teeples, 753 F.2d 840, 842-43 (10th Cir. 1985)(holding that detainment for psychological evaluation must rest upon probable cause, but characterizing right as due process claim).  If a dangerous mental condition is analogized to the role of criminal activity in traditional Fourth Amendment analysis, a showing of probable cause in the mental health seizure context requires only a "probability or substantial chance" of dangerous behavior, not an actual showing of such behavior.  See Illinois v. Gates, 462 U.S. 213, 245 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983).  Just as actual innocence will not render an arrest invalid if it is based on then-existing probable cause that criminal activity is occurring, see Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988), a mental health seizure can rest upon probable cause even when the person seized does not actually suffer from a dangerous mental condition. Because "probable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts," Gates, 462 U.S. at 232, 103 S.Ct. at 2329, courts evaluate the existence of probable cause from the perspective of a reasonable and objective person in the position of the seizing official.  See Criss, 867 F.2d at 262-63.  See also, Villanova, 972 F.2d at 796 (existence of probable cause to impose mental health commitment turns upon whether the magnitude of the potential harm and the probability of that harm outweigh the cost of confinement to the individual); see also Sherman, 987 F.2d at 401-02

(probable cause supported involuntary commitment, given plaintiff's multiple threats against others and odd public behavior).

In addition, if Cuthbertson were a state actor, he would also be entitled to qualified immunity. See, Gooden, 954 F.2d at 966-69 (qualified immunity protected officers who seized plaintiff for involuntary mental exam on basis of incorrect belief that violent sounds and screams in apartment complex were emanating from her apartment); Harris v. Pirch, 677 F.2d 681, 689 (8th Cir. 1982)(qualified immunity protected officer who detained plaintiff for emergency evaluation, even though he knew that her vital signs were normal and admitted that he had no idea whether she had overdosed, because officer knew of plaintiff's recent hospitalization, plaintiff became angry when questioned, and plaintiff showed officer a partially empty bottle of pills).

Plaintiff also alleges a violation of substantive due process. In Count 5: wrongful commitment to the Michigan Mental Health authorities, plaintiff alleges that he was committed wrongfully because the Constitution prohibits the confinement of a non-dangerous mentally ill person. Plaintiff contends that he was not dangerous and had not shown any signs of aggressive behavior. He alleges a violation of "substantive due process." Defendant Cuthbertson states that this count should be dismissed for failure to state a claim. The court agrees.

Substantive due process is a doctrine which is generally limited to matters relating to marriage, family, procreation, and the right to bodily integrity. Albright v. Oliver, 510 266, 272 (1994)(plurality opinion). In Sacramento v. Lewis, 523 U.S. 833 (1998), the Court ruled that the substantive due process standard depends on whether the plaintiff is challenging legislative action or executive action. In the executive context (such as plaintiff alleges here), the question

is whether the government action is shocking to the judicial conscience. Courts have applied the "professional judgment" standard to such substantive due process claims. The Supreme Court articulated this standard in Youngberg v. Romeo, 457 U.S. 307 (1982), holding that state officials are liable for treatment decisions concerning involuntarily committed mental patients only if the official's decision were such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment. Id. at 323. No such showing is made here. Plaintiff's arguments regarding medication and treatment do not rise to the level of a constitutional deprivation and at most allege malpractice--not substantive due process.

**C. There is no Showing of Other State Law Violations.**

    **1. False imprisonment and emotional distress (Count 6).**

In order to sustain this state law claim, a plaintiff must show all the elements of such a claim. These are (1) an act committed with the intention of confining another; (2) the act directly or indirectly resulted in such confinement, and (3) the person confined was conscious of his confinement. Plaintiff must also show that the arrest was not legal, i.e., not based on probable cause. Peterson Novelties Inc. v. City of Berkley, 259 Mich. App. 1, 18 (2003). However, where such confinement arise out of a good faith filing of a petition under the Mental Health Code, there is immunity. M.C.L.A. § 330.1439. The statute provides that the person who filed the petition for an involuntary commitment is immune unless there is gross negligence or willful and wanton misconduct. That showing is not made here, given the probate court's finding that plaintiff was a person in need of treatment. In addition, M.C.L.A. § 330.1423-1425 provides that the person for whom hospitalization is sought shall be examined by two

psychiatrists before the hearing. Dr. Cuthbertson acted pursuant to Michigan law in conducting the exam; no more, no less. All the procedures under the mental health code were properly followed. The confinement of plaintiff was not illegal and therefore, no cause of action is stated for false arrest or emotional distress. See, Ziegler v. Aukerman, 2008 WL 4228348 (Mich. App.). See also, Ziegler v. Aukerman, 512 F.3d 777 (6th Cir. 2008) (no claim under § 1983 for violation of the Fourth Amendment).

The remainder of plaintiff's complaint likewise fail to state a claim and the case, with respect to Dr. Cuthbertson, should be dismissed. To the extend that medical malpractice is alleged, plaintiff has failed to undertake the requisite procedural requirement. Therefore, it is recommended that these be dismissed to permit plaintiff to pursue any available state remedies in the appropriate forum.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: December 10, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff and counsel of record via the Court's ECF System and/or U. S. Mail on December 10, 2008.

                              s/J. Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan