UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY WISE,

    Plaintiff,

vs.                                    Case No. 07-CV-15479
                                        HON. GEORGE CARAM STEEH

ANDREW RYAN WILBURN, et al.,

    Defendants.

_____/

ORDER ACCEPTING TWO DECEMBER 10, 2008
REPORTS AND RECOMMENDATIONS (#104, #105),
ACCEPTING DECEMBER 5, 2008 REPORT AND RECOMMENDATION (#103),
GRANTING DEFENDANT HURLEY MEDICAL CENTER'S
MOTION FOR SUMMARY JUDGMENT (#65),
GRANTING DEFENDANT DR. CUTHBERTSON'S MOTION TO DISMISS (#45),
AND GRANTING DEFENDANTS VANKEUREN'S AND WILBURN'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (#41)

Plaintiff Larry Wise, appearing pro se, filed an eleven count complaint on December 27, 2007 alleging federal § 1983 claims and state law claims against defendants Argentine Township Police Officers Andrew Wilburn and Terry VanKeuren, Dr. Robert Cuthbertson, Dr. Diann Krywko, and the Hurley Medical Center relative to a March 10, 2005 incident leading to Wise's involuntary civil commitment for mental health treatment. The court assigned all pretrial matters to Magistrate Judge Virginia Morgan on January 4, 2008. Dr. Krywko was dismissed on March 7, 2008 for non-service.

On December 5, 2008, Magistrate Judge Morgan issued a Report and Recommendation recommending that Officers Wilburn's and VanKeuren's motion for partial

summary judgment be granted based on the expiration of a two-year statute of limitations relative to Count I (wrongful arrest and wrongful mental illness commitment), and a one-year statute of limitations relative to Count III (civil defamation and slander). Magistrate Judge Morgan acknowledges that Count IV (§ 1983 deprivation of liberty) is governed by a three-year statute of limitations; the defendant Officers did not move for dismissal of Count IV. The remaining Counts are construed as not involving the Officers.

On December 10, 2008, Magistrate Judge Morgan issued two Reports and Recommendations, recommending in total that Dr. Robert Cuthbertson's motion to dismiss be granted, and that Hurley Medical Center's motion for summary judgment be granted. Magistrate Judge Morgan recommends dismissal of Wise's § 1983 federal civil rights claims as alleged against Dr. Cuthbertson on ruling that Dr. Cuthbertson is not a "state actor," that Dr. Cuthbertson committed no due process violation in adhering to the Michigan Mental Health Code, that Dr. Cuthbertson would be entitled to qualified immunity if he were a "state actor," and that Dr. Cuthbertson committed no act that could reasonably be viewed as "shocking to the judicial conscious" for purpose of a substantive due process claim. Magistrate Judge Morgan recommends dismissal of Count 6 (false imprisonment and emotional distress) as alleged against Dr. Cuthbertson on ruling that Wise has failed to allege or proffer evidence of requisite gross negligence or wilful and wanton misconduct, M.C.L. § 330.1439, that Dr. Cuthbertson complied with the Michigan Mental Health Code, and that the claim, construed as medical malpractice, fails to meet Michigan's procedural requirements for perfecting a medical malpractice claim. With respect to Hurley Medical Center, Magistrate Judge Morgan recommends dismissal of Wise's § 1983 federal civil rights claims on ruling that Hurley Medical Center, through Dr. Cuthbertson, adhered to the

Michigan Mental Health Code as opposed to an unconstitutional policy, custom, or practice. Magistrate Judge Morgan recommends dismissal of the remaining state law claims on ruling that Wise has failed to allege or proffer evidence to support claims of malicious prosecution, excessive and unnecessary institutionalization, excessive medication, violation of industry standards absent informed consent, medical malpractice, false arrest, or emotional distress.

"A judge of the court shall make a de novo determination of those portions of [a] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1).  Objections must be filed within 10 days after service of a Report and Recommendation.  28 U.S.C. § 636 (b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  A party's failure to object waives further judicial review.  Thomas v. Arn, 474 U.S. 140, 149-155 (1985); Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001); 28 U.S.C. § 636(b)(1).  Wise has not filed timely objections.

Having reviewed the Reports and Recommendations, the court hereby ACCEPTS the Reports and Recommendations.  Accordingly,

Defendant Hurley Medical Center's motion for summary judgment is hereby GRANTED.  Dr. Cuthbertson's motion to dismiss/summary judgment is hereby GRANTED. Officers Wilburn's and VanKeuren's motion for partial summary judgment is hereby GRANTED.  Defendants Hurley Medical Center and Dr. Cuthbertson are hereby DISMISSED from this lawsuit.  Wise's claims as alleged against Officers Wilburn and VanKeuren are hereby DISMISSED, with the exception of Count IV alleging deprivation of liberty under color of state law, a claim not subject to dismissal based on a statute of

limitations defense. This case shall proceed only on the remaining Count IV claim as alleged against Officers Wilburn and VanKeuren ONLY.

SO ORDERED.

Dated: January 9, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk